UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 90-14023-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

 Plaintiff,

v.

JAMES BUDDY WILLIAMS,

 Defendant.
_____/

FILED by _____ D.C.

OCT 3 0 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS [D.E. #130, #137]

**THIS CAUSE** having come on to be heard upon the aforementioned Motion to Dismiss and this Court having reviewed the motion, the government's response as well as the Petitioner's reply, and this Court having reviewed the pertinent parts of the record required to rule on this matter and otherwise being advised in the premises, makes the following recommendation to the District Court:

 1. The Petitioner's motion seeks dismissal of the Indictment in his case for lack of jurisdiction and constructive amendment/structural error. The Petitioner also alleges barratry and alleges that the arrest warrant and Indictment were fatally defective based upon prosecutorial misconduct and deception.

 2. The Petitioner has filed these pleadings pro se. As this Court's previous Orders in this case indicate, this Court wanted to make certain how the Petitioner is intending to proceed. This Court issued an Order on the government's Motion For Clarification. This Court's Order of July 22, 2008 specifically requested that the Petitioner advise the Court as to whether or not he was proceeding with a habeas motion pursuant

to § 2255 or if he was simply proceeding with a motion to dismiss. As this Court's Order instructed the pro se Petitioner, he may not be entitled to habeas relief under § 2255 as a second successive petition since he has already filed such a petition before this Court.

3. In response, the Petitioner specifically sets forth in [D.E. #136] that he is not proceeding pursuant to § 2255 and acknowledges the second successive petition bar. Rather, the response by the Petitioner specifically alleges that he is seeking dismissal.

4. The record in this case reflects that the Petitioner was indicted by the federal grand jury in July 1990. He was charged with one count of conspiracy to possess with intent to distribute a detectable amount of marijuana in violation of the applicable federal statutes at that time. In October of 1990, the Petitioner was found guilty at a jury trial of the charge of conspiracy to possess with intent to distribute a detectable amount of marijuana. Thereafter in December of that same year, U. S. District Judge Paine sentenced the Petitioner to 360 months in the Federal Bureau of Prisons to be followed by 5 years of supervised release. In January of 1991, the Petitioner filed a notice of appeal. The Petitioner's conviction was affirmed by the Eleventh Circuit Court of Appeals. In February of 1994, a motion for new trial was filed. That motion was denied by the District Court and the matter was affirmed by the Eleventh Circuit Court of Appeals. In December of 1996, the Petitioner filed a motion for modification of sentence. This motion was granted and the Petitioner was resentenced in January of 1997 to a period of 295 months.

5. In June of 2002, the Petitioner filed his first habeas motion pursuant to 28 U.S.C. § 2255. This petition was ultimately denied as being time barred. The present motion now appears before the Court.

6.      The essential allegations made by the Petitioner are that the Indictment in his case did not contain every essential element of the offense charged. He alleges that the District Court did not have subject matter jurisdiction and that such subject matter jurisdiction could not be waived. Further, he alleges that he was "sent to prison" on an un-indicted offense. He alleges that failure to specify the quantity of marijuana in the Indictment divested the District Court of jurisdiction to sentence him for the crime for which he was convicted. He contends that the Indictment only alleged a "detectable amount" of marijuana.

7.      The Petitioner also alleges that his original arrest warrant was defective because it did not have a sworn signature or date. He also briefly alludes to counsel being ineffective for not raising such matters on appeal. The Petitioner includes a claim of "barratry" and alleges that the prosecutors involved in this case lied to the court, that the warrant and Indictment were fatally defective and that the prosecutors deceived the court.

8.      In brief response, the government states that the Indictment in the Petitioner's case tracked the language of the applicable federal statute which was in effect at the time of the Petitioner's arrest, trial and conviction. In part, the government's response cites the following as purportedly having been taken from Count One of the Indictment which charged the Petitioner in this case:

> Beginning on or about February 2, 1990, the exact date being unknown to the Grand Jury, and continuing to on or about March 30, 1990, in Martin County, in the Southern District of Florida, and elsewhere, the defendants, JAMES BUDDY WILLIAMS and CHARLIE WAYNE LEWIS did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury to possess with intent to distribute a Schedule I controlled substance, that is, a mixture and

3

>   substance containing a detectable amount of marihuana,
>   in violation of Title 21, United States Code, Section 841(a)(1).
>   In violation of Title 21, United States Code, Section 846.

9.  The Petitioner claims that the District Court should not have found him responsible for 100 kilograms of marijuana since the specific weight was not alleged in the Indictment. He claims the weight is an essential element of the offense and asserts any sentence imposed was unconstitutional.

10. This Court has also reviewed the Petitioner's reply to the government's response and has also taken into consideration the Petitioner's response to this Court's Order concerning clarification which this Court previously referred to as [D.E. #136] being the Petitioner's response. The Court has combined all of the Petitioner's allegations and arguments from those various pleadings.

11. The Petitioner's allegation of "barratry" is not substantiated by even the barest allegations in his motion. The Petitioner fails to establish any entitlement to relief at this stage of the proceedings even if the arrest affidavit/warrant was not signed or dated. The generalized and conclusory allegations concerning prosecutorial misconduct again are deficient. Further, the Petitioner does not make it clear as to whether or not he even attempted to raise these issues at the trial level, on direct appeal or in his habeas petition pursuant to § 2255. If the Petitioner failed to do so, those allegations are procedurally barred since this Court finds that they are not jurisdictional in nature. The Petitioner has the burden to establish whether or not he had previously raised these issues of "barratry" at some proceeding or, if he did not, to show good cause why he was unable to do so. All of the pleadings filed by the Petitioner in this case are fatally defective in that regard.

12. In respect to the Petitioner's main argument concerning dismissal for lack of subject matter jurisdiction, this Court first begins with the jurisdiction of the District Court. The statute under which the Petitioner was charged was valid and in effect at the time of his arrest, trial and conviction. The plain language of that statute charges a violation of the criminal laws of the United States of America. Federal district courts have personal jurisdiction and subject matter jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law. United States v. Rendon, 354 F.3d 1320 (11th Cir. 2003). In this instance, the Petitioner was charged with a violation of the narcotics laws of the United States which were validly in force and effect at the time of his arrest, trial and conviction. The Petitioner has not established otherwise.

13. The adequacy of an indictment, when challenged, is determined by viewing the indictment and the language purportedly charging a crime as set forth therein. The court must find the indictment is sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted. It must charge the elements of the offense intended to be charged and sufficiently apprise the defendant of what the defendant must be prepared to meet. See United States v. Ware, 2008 WL 4173845 (11th Cir. 2008). In this instance, the language of the Indictment tracked the language of the statute applicable at the time of the Petitioner's arrest, trial and conviction. It included the essential elements of the offense charged.

14. The Petitioner challenges the fact that the words "detectable amount" of marijuana were insufficient to justify an enhancement or imposition of the sentence in his case. The Petitioner claims this is a jurisdictional defect. A jurisdictional defect is one that strips the court of its power to act and makes its judgment void. However, a sentence

imposed above statutory maximum is legal error, if established, but does not mean that a judge has acted beyond his or her jurisdiction. Shalit v. United States, 2008 WL 2025324 (S.D. Fla. 2008).

15.　What the Petitioner is essentially arguing is an Apprendi error alleging that no specific amount was charged within the indictment and should have been. This very matter has been addressed many times by the Eleventh Circuit Court of Appeals. The seminal case of McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001) addresses the very issue. In McCoy, the Eleventh Circuit found that any Apprendi error arising from a failure to submit an element of a crime to a grand jury is not a jurisdictional defect, and may even be procedurally defaulted on collateral review. Further, the Court went on to hold that any such failure to present to the grand jury a specific amount or to have that contained within the indictment does not go to the District Court's subject matter jurisdiction because it may be waived.

16.　The Court in the McCoy decision also went on to find that such a new constitutional rule of procedure as announced in Apprendi does not apply retroactively on collateral review. This Court understands that the Petitioner is attempting to make an argument that this is not a second successive habeas petition for collateral review. Nevertheless, this Court views the motion for what it is. The motion is attempting to collaterally attack the Petitioner's trial, conviction and sentence after he has unsuccessfully prosecuted a direct appeal, a motion for new trial, and habeas review pursuant to § 2255.

In that regard, the Petitioner has failed to establish that he could not have raised these issues earlier on either direct appeal or collateral review. His pleadings are completely devoid of any such allegation.

17. The jurisdictional bar in not applying retroactively any such rule as announced in <u>Apprendi</u> concerning inclusion of weight or sentencing enhancement information in an indictment, has some exceptions. The only exceptions which would permit a rule to be applied retroactively is if the rule placed certain kinds of primary private individual conduct beyond the power of criminal lawmaking authority to prescribe. In other words, if a subsequent decision which had not yet been announced at the time of the Petitioner's conviction, removed the conduct for which he was convicted from any criminal lawmaking authority. This is not the case in this instance. The second exception would be if observance of such a new constitutional rule of criminal procedure is implicit in the concept of ordered liberty. There is no such allegation nor is there any factual basis for retroactively applying the <u>Apprendi</u> decision to the Petitioner's conviction in this case.

18. As stated by the Eleventh Circuit in <u>McCoy</u>, even if the <u>Apprendi</u> decision had not been rendered at the time that the Petitioner's conviction became final in this case, the new constitutional rule of procedure will not be applied retroactively since the basis of such a claim was known at the time of his underlying direct appeal. The Petitioner has not established that he has only recently come to know or argue that failure to include a specific amount or weight of marijuana within his Indictment may be an <u>Apprendi</u> error. He knew at all times what the Indictment stated in his case concerning a "detectable amount" of marijuana. Therefore, the basis of his claim was always known. Any claim not raised on direct appeal is procedurally defaulted unless the Petitioner can establish cause and

4

prejudice for his failure to assert his claim on direct appeal. None of the Petitioner's pleadings which this Court has reviewed herein make any such allegation nor factual foundation. There is nothing in this proceeding to indicate that the Petitioner was in some way prevented from raising this issue on direct appeal or in his subsequent § 2255 collateral challenge to his conviction.

19. For purposes of deciding this motion, this Court has given the Petitioner the benefit of the doubt. While an earlier date may actually be considered the date when his judgment and sentence became final, this Court is using the date that he was re-sentenced by the court on January 27, 1997 as the last date that his judgment and conviction became final. Even counting that as being the date when his judgment and conviction became final, he has failed to establish how he can now, in essence, collaterally attack the judgment and sentence which has already been affirmed on direct appeal and on appeal of denial of his collateral attack under § 2255. The papers submitted by the Petitioner show absolutely no just cause for failure to previously raise these issues nor any resulting prejudice. See also Teague v. Lane, 109 S.Ct. 1060 (1989).

20. Another similar situation to that raised by the Petitioner herein was addressed by the Eleventh Circuit Court of Appeals in United States v. Cromartie, 267 F.3d 1293 (11th Cir. 2001). In that case, Cromartie argued that pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), the district court in his case lacked jurisdiction to sentence him on the drug charge for which he was convicted under Title 21, United States Code, Section 841(b)(1)(A) because the grand jury failed to set forth the drug type and drug quantity in the indictment. Cromartie argued that his sentence therefore violated his Fifth Amendment rights. Since Cromartie was found to have not raised his constitutional challenge at his

5

sentencing hearing, the Eleventh Circuit Court of Appeals considered his arguments for review under the plain error standard. Under that standard, plain error only exists if there was (1) an error which was plain or obvious, (2) that the error affects the defendant's substantial rights and (3) that the error was prejudicial and not harmless. Further, the error must have seriously affected fairness, integrity or public reputation of a judicial proceeding.

21.  The Eleventh Circuit cited in its Cromartie decision that it had already previously rejected the position taken by Cromartie alleging an Apprendi error. The Eleventh Circuit cited to its decision in United States v. Nealy, 232 F.3d 825 (11th Cir. 2000). In Nealy, the Eleventh Circuit affirmed that Apprendi did not recognize or create a structural error that would require a per se reversal as the Petitioner in this case is alleging in his "structural error" argument. The Cromartie court found that there was sufficient testimony elicited at trial concerning the weight of the narcotics involved sufficient to allow the jury to convict the defendant and have his sentence enhanced based upon the weight established by the evidence without the weight having been contained within the grand jury indictment and submitted to the trial jury for a specific finding of weight. The court in Cromartie went on to state that even when a drug type and quantity are not alleged in the indictment or proven to a jury, a defendant's substantial rights are not affected if no rational jury would convict without concluding that he was also responsible for a drug amount sufficient to justify the enhanced sentence.

22.  The court in Cromartie reaffirmed its express rejection of the idea that an Apprendi based challenge is jurisdictional in nature. It specifically found that such a challenge to allege a specific drug quantity is not jurisdictional, but at most, one of sufficient specificity in the indictment. It made the analogy that such an Apprendi based

6

challenge was similar to an omission of an element in a jury instruction which the United States Supreme Court has subjected to harmless error analysis. In following its decision in McCoy, the court in Cromartie found that an Apprendi based challenge is non-jurisdictional in nature. See also McLeod v. United States, 2008 WL 3832707 (S.D. Fla. 2008).

23.   In summary, the motion essentially alleges an Apprendi error. For the reasons stated above, the case law is clear that whether it be on direct appeal or collateral review, such an error is not applied retroactively. The alleged defects in the Indictment in this case are not jurisdictional. The case law clearly establishes that fact as well. Further, it is not clear whether or not the Petitioner raised these issues on direct appeal or on his previous collateral attack pursuant to § 2255. Nevertheless, he has not established that he is entitled to raise them at this stage of the proceeding some eleven years after his resentencing. As a result, not only does this Court find that the claims are barred since they are not jurisdictional in nature, but that under the particular facts as alleged by the Petitioner in his pleadings, he is not entitled to relief even if the claims are found to not be procedurally barred.

**ACCORDINGLY**, this Court recommends to the District Court that the Petitioner's Motion To Dismiss [D.E. #130, 137] be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _30th_ day of October, 2008, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Carmen M. Lineberger

James Buddy Williams
Reg. No. 04248-021
Federal Correctional Complex
P.O. Box 1031 Low, B-1
Coleman, FL 33521-1031